The court,
all the judges being present, agreed to the doctrine laid down by the plainfjff’s counsel; and unanimously concurred in refusing a new trial. The court observed, 'that it appeared the sheriff had been guilty of gross negligence, and that the jury might thence infer, that the escape was voluntary. Having found for the plaintiff, they would presume that the jury did draw that conclusion from the evidence ; and they agreed that the defective condition of the gaol was not a sufficient legal excuse for a sheriff.
New trial refused.
Note. — In the cage of Bonafous v. Walker, 2 T. R. 126, which was an action of debt for an escape of a prisoner in execution, the first count of *148 the declaration stated a voluntary escape ; and the second was for a Begligent escape : and it was determined, 1. That under a count for a voluntary escape, the plaintiff may give evidence of a negligent escape. 1 Vent. 211, 217. 2. That the jury cannot1 give a less sum than the creditor -would have recovered against-the prisoner; viz. the sum endorsed on the writ, and the legal fees of execution. 8. That-an administratrix may maintain an action in her own1 name, against the sheriff, for the escape of a prisoner, in execution on a judgment-obtained by=her, as administratrix to her husband. At common law an action on the case lies-against the sheriff or gaoler, for an escppe, in which case a creditor may recover damages for the officer’s misconduct; but still He had a right to recover the debt against the original debtor. But the statutes 18 Ed. 1, c. 11, P. L. 29, and 1 Ric. 2, c. 12, P. L. 36, gave an action of debt against the sheriff, or gaoler,‘to recover at once the suni for which the prisoner was charged in execution. These statutes, however, did not take away the common law remedy, so that the creditor has his election; but if he adopt the latter, he must recover the whole sum. 2 Bl. Rep. 1048. 2 T. R. 129, 130- In debt for an escape, on execution, plaintiff is entitled to recover poundage. Ib. See Bull. N. P. 68. Esp. Dig. 609. The statute 8 and 9 W. 3, c. 26, sec. 8, referred to in these authorities, is nearly jiursue'd in the A. A. 1788, P. L. 457.
' Iii an1 action of debt against the sheriff for an escape of one in custody on a ca. sa.f the statute fixes the extent of the sheriff’s liability, to wit, the original debt and damages, and the plaintiffs can recover no more ; but an action on the case lies at common law, in which more than the original judgment-may be recovered. Rawson v. Dole. 2 Johns. 454. A prisoner arrested on mesne process, after judgment in the suit, but before execution, escaped, and voluntarily returned on the same day ; and it was held on demurrer that the sheriff was liable. Stone v. Woods. 5 Johns. 182. No difference whether escape was voluntary, or negligent. 1 Str. 423. 2 Str. 873. 2 Wils. 294. 5 T. R. 37. 2 T. R. 172. 3 Bl. Com. 296.
I ■ If a sheriff take insufficient pledges in distress, for rent, required by II Geo. 2, c. 19, action on the case lies against him. 2 'T. R. 617. -Ini' which action plaintiff shall recover the damages he- hag sustained, although they may exceed the penalty of the bond. 2 H. Bl. 36 4 T. R. 433, contra. . The'penalty, of the bond ought to be the measure of damages against the sheriff 2 H. Bl. 547. See 1 Saund. 195. f. Williams’ Ed* ih note. In an action for escape' after arrest, on capias ad respondendum, the sheriff having returned fescue, it was held that the plaintiff’s loss is the true question as to the damages; and the ’sheriff’s false return neither adds to, nor diminishes, the loss, but the circumstances of defendant maybe given in evidence in mitigation. Potter v. Lansing. 1 Johns. 215. Eor false return of the sheriff on mesne process, plaintiff can recover fie more-than he has actually lost by the escape. Ib. F,